IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MELVIN ERSKIN, <br> TDCJ-CID No. 02285810, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | 2:25-CV-243-Z-BR |
| DIRECTOR, TDCJ-CID, | § <br> § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PETITION

Petitioner Melvin Erskin ("Erskin") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary case he received while housed in the Clements Unit of the Texas Department of Criminal Justice. (ECF 3). For the reasons stated below, the petition should be DISMISSED with prejudice.

## I. BACKGROUND

On January 22, 2025, in disciplinary case no. 20250078485, Erskin was found guilty of possession of a weapon. (ECF 30 at 9). The disciplinary case later was overturned. (*Id.* at 14). Nevertheless, Erskin filed this action on November 14, 2025, challenging the punishments he received in the disciplinary proceeding, including his placement in administrative segregation and, construing his claims broadly, his claimed loss of good-time credits. (ECF 3, 15).

## II. LEGAL ANALYSIS

Under 28 U.S.C. § 2254(d), a federal court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the relevant constitutional claim by the state court (1) was contrary to federal law then clearly established by the Supreme Court; or (2) involved an unreasonable application of clearly established Supreme Court precedent;

or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d). The Supreme Court has explained that a state court decision is contrary to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent yet reaches an opposite result. *Williams*, 529 U.S. at 405-06.

The Fifth Circuit has held that certain prison administrative decisions do not create constitutionally protected liberty interests that could warrant habeas relief. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time (*i.e.*, loss of line status) is not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Administrative segregation merely constitutes a change in the conditions of confinement, and therefore, does not implicate the protections afforded by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 484, 486 (1995) (holding that no liberty interest was implicated by placement in administrative segregation). Erskin is not entitled to habeas relief due to his placement in administrative segregation. Furthermore, Erskin's conclusory allegations are insufficient to establish that his placement in administrative segregation violates the Equal Protection Clause.

Likewise, the imposition of commissary, recreation and cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process

concerns."). To the extent that Erskin objects to these punishments, they do not entitle him to habeas relief.

Erskin also claims that his punishment included the loss of 365 days of good-time credits (ECF 15), which, if true, implicates due process. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) (finding that the mandatory supervision procedure in Texas "creates a constitutional expectancy of early release and, as such, a protected liberty interest in previously earned good-time credits."). However, according to the record, the time loss was removed from his disciplinary punishment because Erskin did not have any good time to forfeit. (ECF 30 at 17). Erskin is classified as Line Class III and is not earning good time; he has not earned any good time since November 11, 2023. (*Id.*). Because Erskin lost no good-time credits, he is not entitled to habeas relief in connection with his disciplinary conviction. His petition should be denied.

## III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Erskin's petition should be DISMISSED with prejudice, and his pending motions (ECF 4, 17, 19 and 32) should be terminated.

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 14, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).