IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MELVIN ERSKIN,

      Petitioner,

v.

DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

      Respondent.

2:25-CV-243-Z-BR

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny the Petition for a Writ of Habeas Corpus filed by the petitioner in this case. ECF No. 33. No objections to the FCR have been filed. However, after the FCR, petitioner filed a reply to respondent's response to this Petition. ECF No. 34. In the interest of justice, the Court will consider the reply to be petitioner's Objection to the FCR. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** petitioner's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 33) is **ADOPTED** the Petition for a Writ of Habeas Corpus is **DISMISSED**.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the

fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on April 14, 2026. ECF No. 33. Petitioner did not timely file an Objection. However petitioner did file a reply to respondent's response after the FCR was filed. ECF No. 34. Because the reply addresses the FCR's legal and factual bases, and in the interest of justice, the Court will consider the reply to be petitioner's timely filed Objection to the FCR. Because petitioner's Objection is deemed timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Petitioner objects to the FCR's finding that his placement in administrative segregation cannot be challenged via habeas. The FCR found that "[a]dministrative segregation merely constitutes a change in the conditions of confinement, and therefore, does not implicate the protections afforded by the Due Process Clause." ECF No. 33 at 2. Petitioner acknowledges that he is challenging his placement in administrative segregation. *See* ECF 34 at 5 ("[Petitioner] now seeks constitutional remedy . . . where he was unconstitutionally subjected to . . . administrative segregation."). But he asserts that this is *not* seeking "remedy from conditions of confinement." *Id.* at 6; *but see id.* at 8 (challenging administrative segregation as "jail inside of jail"). According to petitioner, his case is different than established case law because his placement in administrative segregation is based on an invalid disciplinary case. ECF No. 34 at 6. But despite his assertions to the contrary, petitioner has no liberty interest to challenge his placement in administrative segregation. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[N]o liberty interest is implicated by placement in administrative segregation."). Petitioner's first objection is overruled.

Petitioner also objects to the FCR's factual determination that he did not improperly lose good time credits. The petition challenged the loss of 365 days of good time credits due to an overturned disciplinary case. *See* ECF No. 15. As the FCR noted, the loss of good-time credits could implicate due process. ECF No. 33 at 3. However, the affidavit of Charley Valdez establishes that petitioner was ultimately not assessed a good-time credits loss, because he had no good time to forfeit. ECF No. 30 at 17. The FCR relied on this affidavit to conclude that "[b]ecause Erskin lost no good-time credits, he is not entitled to habeas relief in connection with his disciplinary conviction." ECF No. 33 at 3. Petitioner objects to Charley Valdez's affidavit, calling him "a liar under oath." ECF No. 34 at 7; *see also id.* at 4. But petitioners "are required to make objections to specific findings within the FCR, and frivolous, conclusory, or general objections need not be considered by the Court." *Reed v. Voorhees*, No. 4:24-CV-597, 2024 WL 3803031, at *1 (N.D. Tex. Aug. 13, 2024). Petitioner presents no evidence to support his conclusory allegation that the affidavit of Charley Valdez was not truthful. Therefore, his second objection is overruled.

The remainder of petitioner's objections are not specific objections to the FCR's findings. *See generally* ECF No. 34 (going paragraph by paragraph through the respondent's response and making general objections). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Because petitioner's statements fail to assert specific objections to the FCR, the remainder of petitioner's objections are overruled.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** petitioner's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice**. Petitioner's pending motions (ECF Nos. 4, 17, 19, and 32) are **TERMINATED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's FCR filed in this case in support of its finding that Petitioner has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

May *2*, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4